NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
VIBHAV MITTAL (Cal. Bar No. 257874)
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office
    United States Courthouse
    411 W. Fourth Street, 8th Floor
    Santa Ana, California 92701
    Telephone: (714) 338-3592/3534
    Facsimile: (714) 338-3561/3708
    E-Mail: Gregory.Scally@usdoj.gov
          Vibhav.Mittal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>HOANG XUAN LE, and<br>SHEILA MARIE RITZE,<br><br>    Defendants. | No. SA CR 20-02-DOC<br><br>GOVERNMENT'S STATUS REPORT<br><br>STATUS CONFERENCE DATE: 2/19/20<br>STATUS CONFERENCE TIME: 7:30 a.m. |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, submits this status report in advance of the February 19, 2020, status conference.

Dated: February 18, 2020              Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

          /s/
GREGORY S. SCALLY
Assistant United States Attorney
VIBHAV MITTAL
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## GOVERNMENT'S STATUS REPORT

On January 2, 2020, a grand jury returned a three-count indictment charging defendant HOANG XUAN LE with First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C. §§ 1111, 7(1), and Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (iii), 7(1), and defendant SHEILA MARIE RITZE with Accessory After the Fact, in violation of 18 U.S.C. § 3.  (CR 13.)  At post-indictment arraignment, the Court set a status conference date of February 3, 2020, and a trial date of February 25, 2020.  (CR 18.)  Both defendants are detained pending trial.

On February 3, 2020, the Court held a status conference.  (CR 26.)  At the status conference, the Court appointed Craig Wilke to represent defendant LE (along with previously appointed DFPD Erica Choi) as an attorney with capital litigation experience.  As defendant RITZE's retained counsel had moved to withdraw, the Court appointed David Wiechert to represent her.  (Id.)  The Court also scheduled an additional status conference on February 19, 2020, to set the trial date and address the status of discovery.  (Id.)

The government is filing this status report so the Court is aware of the parties' respective positions as to the trial date and the status of the discovery.  The government has conferred with counsel as to what continuance of the trial date each defendant is seeking.  Defendant LE is seeking a continuance to September 2021, and defendant RITZE is seeking a continuance to the summer of 2020.  The government anticipates that counsel for defendants will address reasons for their requested dates at the status conference on

February 19, 2020. Given the respective positions of the defendants, the government proposes that the Court set a trial date in November 2020 and status conference in September 2020. The government submits that such a continuance would comply with the requirements of the Speedy Trial Act. See 18 U.S.C. §§ 3161(h)(6), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv). Any further need for a continuance could be addressed at the September 2020 status conference. Following the February 19, 2020, status conference, the government can file an ex parte application and proposed order so the Court can make the necessary findings under the Speedy Trial Act to justify a continuance to November 2020.

As to discovery, on February 10, 2020, the parties filed a stipulation for a protective order. (CR 32.) On February 12, 2020, the Court entered the protective order. (CR 34.) On February 14, 2020, the government made an initial discovery production to the defendants, which includes: (1) over 5,000 pages of documents, including witness interviews, photographs, and court process; (2) numerous audio and video recordings totaling several hours (including communications in a foreign language); and (3) several days of surveillance footage from multiple locations.