**AFFIDAVIT**

I, Austin Casey, being duly sworn, declare and state as follows:

1. I am a Special Agent ("SA") with the Coast Guard Investigative Service. The government is in receipt of the Court's September 3, 2021 Order to provide an affidavit delineating the range of distance from the shoreline that it will be able to prove in this case. (ECF 269.)

2. I have reviewed phone records in this case, and spoken to FBI Special Agent Nathaniel Dingle, a certified member of the Cellular Analysis Survey Team ("CAST"), who has also reviewed phone records in this case. The available records for the phones believed to have been used by the three participants in the boat trip described in Counts One and Two of the Second Superseding Indictment ("the boat trip") reveals location data for those phones during the boat trip which is approximately three nautical miles from shore at its farthest point from shore.

3. More specifically, SA Dingle calculated 13 location points in the water, using available location data from the phones used by the participants in the boat trip, between 1:23 a.m. and 2:09 a.m. on October 15, 2019. These points represent location points of the phones used by the participants from the portion of the boat trip during which the phones were the farthest from shore.

4. I requested that Rex E. Roebuck, U.S. Coast Guard Navigation Center, Maritime Traffic & Tracking Analysis Division, NAIS Data Distribution & Visualization Team Lead,

create a visual product showing the 13 location points described above on a nautical chart and in relation to the three nautical mile boundary line. Roebuck, unable to find an accurate and authoritative representation of the three nautical mile line in his charting software, informed me that he selected three of the closest land points to the 13 location points in the water, and created a three nautical mile buffer around each land point ("three nautical mile buffer line"). Roebuck took the 13 location points provided by SA Dingle and plotted them on a map that included the three nautical mile buffer line.

5. As a result of Roebuck's analysis, I received the maps attached hereto as Exhibit A and Exhibit B. Exhibit A shows the three nautical mile buffer line as calculated by Roebuck with reference to the three green dots, which represent the closest land points to the 13 location points. The blue dots in both exhibits represent the location points calculated by SA Dingle from the available phone analysis. Exhibit B is a close-up on the blue dots in Exhibit A. In Exhibit B, the light purple color in the upper right of the exhibit represents the portion of the water that is within—i.e., closer to shore than--the three nautical mile buffer line. The light blue color in the lower left of the exhibit represents the portion of the water that is without-i.e., farther from shore than—the three nautical mile buffer line. The quantity of yards listed next to each location point is Roebuck's estimate of the distance of the location point from the three nautical mile buffer line. As can be seen from Exhibit B, 11 of the location points fall closer to

shore than the three nautical mile buffer line, and two of the location points fall farther from shore than the three nautical mile buffer line.

6. The two points that are outside the three nautical mile buffer line are so close to the line (both less than 100 yards), that they are within the margin of error that SA Dingle has indicated applies to the location points he calculated based on the phone analysis.

7. Accordingly, the evidence the government expects to introduce shows that the phones used by the participants in the boat trip were, at the farthest point from shore, approximately three nautical miles from shore. However, given the margin of error that applies to the location points calculated, the government does not believe that the evidence establishes beyond a reasonable doubt that the phones used by the participants in the boat trip were, at their farthest point from shore, seaward of three nautical miles from shore. Accordingly, the government does not believe that the evidence establishes beyond a reasonable doubt that the crime occurred seaward of three nautical miles from shore.

*Austin Casey*
AUSTIN CASEY, Special Agent
Coast Guard Investigative
Service

3