
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
     Ronald Reagan Federal Bldg & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3592
     Facsimile: (714) 338-3708
     E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 8:20-2(B)-DOC |
| Plaintiff, | BRIEF RE JURY INSTRUCTIONS ON AIDING AND ABETTING LESSER INCLUDED OFFENSES OF FIRST DEGREE MURDER |
| v. | |
| SHEILA MARIE RITZE, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Gregory S. Scally, hereby files its Brief re Jury Instructions.

This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 13, 2022							Respectfully submitted,

									TRACY L. WILKISON
									United States Attorney

									SCOTT M. GARRINGER
									Assistant United States Attorney
									Chief, Criminal Division

									BENJAMIN R. BARRON
									Assistant United States Attorney
									Chief, Santa Ana Branch Office

									          /s/
									GREGORY S. SCALLY
									Assistant United States Attorney

									Attorneys for Plaintiff
									UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Aiding and abetting second degree murder is a cognizable offense in federal criminal law.  See United States v. Cottier, 908 F.3d 1141 (8th Cir. 2018) (evidence was sufficient to support defendant's conviction for aiding and abetting second degree murder committed in place of federal jurisdiction); United States v. Sayetsitty, 107 F.3d 1405, 1411 (9th Cir. 2009) (approving the portion of district court's instructions that jury "could convict [defendant] of second-degree murder if it found either that he killed [the decedent] with malice aforethought or that he aided and abetted [a co-defendant] in doing so," and that "to be guilty of aiding and abetting, [defendant] must have acted 'with the knowledge and intention of helping [co-defendant] commit First Degree Murder, or, alternatively, Second Degree Murder, or alternatively, Involuntary Manslaughter'"); United States v. Pluma, 511 Fed. Appx. 705, 706 (10th Cir. 2013) (upholding conviction for aiding and abetting second degree murder).  The government is requesting that the Court instruct the jury on aiding and abetting with respect to Second Degree Murder.

Aiding and abetting voluntary manslaughter also appears to be a cognizable offense in federal criminal law.  See United States v. Frank, 472 Fed. Appx. 431, *432 (9th Cir. 2012) (upholding conviction for manslaughter and aiding and abetting under 18 U.S.C. §§ 1112 and 2); United States v. Branch, 91 F.3d 699, 729-30 (5th Cir. 1996) (finding sufficient evidence that defendant "aided and abetted the voluntary manslaughter of the federal agents"); United States v. Slatten, 865 F.3d 767, 793 (D.C. Cir. 2017) (sufficient evidence for conviction of voluntary manslaughter "under an aiding-and-abetting theory").  The government defers to the defense as to whether the

Court should instruct the jury on aiding and abetting with respect to voluntary manslaughter in this case.

Aiding and abetting involuntary manslaughter also appears to be a cognizable offense in federal criminal law. See United States v. Fesler, 781 F.2d 384, 389-90 (5th Cir. 1986) (finding trial evidence sufficient to establish that defendant aided and abetted his co-defendant in committing involuntary manslaughter). The government again defers to the defense as to whether the Court should instruct the jury on aiding and abetting with respect to involuntary manslaughter in this case.